J. S70009/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
GREGORY SAMUELS, : No. 4088 EDA 2017
:
Appellant :


Appeal from the PCRA Order, December 5, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0609081-2000


BEFORE: GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 20, 2018**

Gregory Samuels appeals **pro se** from the December 5, 2017 order

denying his third petition filed pursuant to the Post Conviction Relief Act

("PCRA")[1] as untimely. After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history

of this case as follows:

> On September 6, 1999, [appellant] fatally shot his
> girlfriend, Bathsheba Woodall, in Philadelphia.
> U.S. Marshalls apprehended [appellant] several
> months later in Jamaica. On March 23, 2001,
> following a jury trial presided over by the Honorable
> James A. Lineberger, [appellant] was convicted of
> first-degree murder and possession of an instrument
> of crime ("PIC").[2] On the same date, the trial court
> sentenced [appellant] to life imprisonment for the

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

murder conviction and a lesser, consecutive term of incarceration for the PIC conviction. On November 14, 2002, following a direct appeal, the Superior Court affirmed the judgment of sentence. [*See Commonwealth v. Samuels*, 816 A.2d 334 (Pa.Super. 2002), *appeal denied*, 863 A.2d 1145 (Pa. 2004).] The Pennsylvania Supreme Court denied *allocatur* on November 12, 2004. [*Id.*]

While his petition for allowance of appeal was still pending before our Supreme Court, [appellant] filed his first *pro se* PCRA petition on November 7, 2003.[Footnote 4] Counsel was appointed who subsequently filed a *Turner*/*Finley* "no-merit" letter.[Footnote 5] After conducting an independent review, the PCRA court denied relief on November 23, 2004 and granted counsel leave to withdraw. On May 3, 2006, the Superior Court affirmed the PCRA court's denial of post-conviction relief. [*See Commonwealth v. Samuels*, 903 A.2d 51 (Pa.Super. 2006).] [Appellant] did not seek *allocatur* in the Pennsylvania Supreme Court.

> [Footnote 4] Although [appellant's] PCRA petition was premature, the PCRA court did not finally rule on his petition until after the Pennsylvania Supreme Court denied his petition for allowance of appeal. Accordingly, the PCRA court deemed [appellant's] petition timely filed on November 13, 2004, the day after our Supreme Court denied allowance of appeal.

> [Footnote 5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[Appellant] was subsequently unsuccessful in obtaining post-conviction relief through a serial PCRA petition filed in 2012. [*See Commonwealth v. Samuels*, 122 A.3d 1141 (Pa.Super. 2015), *appeal denied*, 126 A.3d 1284 (Pa. 2015).]

> On January 24, 2017, [appellant] filed the instant *pro se* PCRA petition, his third. [Appellant] filed an amended petition [on May 2, 2017] which was reviewed jointly with his initial petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the PCRA court's intention to dismiss his petition on November 16, 2017. [Appellant] did not submit a response to the Rule 907 notice. On December 5, 2017, the PCRA court dismissed his PCRA petition as untimely. On December 12, 2017, the instant notice of appeal was timely filed to the Superior Court.

PCRA court opinion, 4/16/18 at 1-2 (additional footnotes omitted).[3]

Appellant raises the following issues for our review:

1. Is the after discovered fact is [sic] readily available in public domain, and should be considered previously known facts?

2. Does *pro se* prisoner have readily available access to public information?

Appellant's brief at 8 (unnecessary capitalization omitted).[4]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in

---

[3] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On April 16, 2018, the PCRA court filed its Rule 1925(a) opinion.

[4] Appellant's *pro se* brief does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). Additionally, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a ***pro se*** litigant, ***pro se*** status confers no special benefit upon the appellant[.]" ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, appellant's judgment of sentence became final on February 10, 2005, 90 days after our supreme court denied allowance of appeal and the deadline for filing a petition for writ of ***certiorari*** in the Supreme Court of the United States expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Accordingly, appellant had until February 10, 2006, to file a timely PCRA petition. ***See***

42 Pa.C.S.A. § 9545(b)(1). Appellant's instant petition, filed nearly 11 years later on January 24, 2017, is patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section 9545(b)(1).

To invoke an exception under Section 9545(b)(1), a petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The crux of appellant's argument is that his recent discovery of allegations of police misconduct on the part of Detective Thomas Augustine, the detective who took his statement in this case approximately 18 years ago, satisfies the newly discovered fact exception to the PCRA time-bar. (Appellant's brief at 1-2.) Appellant alleges he discovered

Detective Augustine's misconduct from a **Philadelphia Daily News** article that circulated during his "lifer's association meeting" at SCI-Dallas on January 8, 2017, which in turn led him to discover the United States District Court's decision in **Hill v. Wetzel**, 279 F.Supp.3d 550 (E.D. Pa. 2016). (**Id.**; **see also** amended PCRA petition, 5/2/17 at unnumbered page 6, ¶ 23 and Exhibit B.)  In **Hill**, the United States District Court set forth Detective Augustine's misconduct in taking two defendants' sworn statements "in the infamous 1995 'center city jogger' case."  **See Hill**, 279 F.Supp.3d at 558 n.9.  This claim is meritless.

Contrary to appellant's contention, we find the fact that Detective Augustine was involved in misconduct in unrelated cases does not constitute a newly discovered fact that would invoke the protections afforded by Section 9545(b)(1)(ii).  Rather, the alleged newly discovered fact simply supports a previously known "fact," and therefore does not satisfy the exception to the time-bar.  "[T]he focus of [the newly discovered fact] exception is on the newly discovered facts, **not on a newly discovered or newly willing source for previously known facts**."  **Commonwealth v. Fennell**, 180 A.3d 778, 782 (Pa.Super. 2018) (citation omitted), **appeal denied**, 192 A.3d 1111 (Pa. 2018).  Moreover, appellant has failed to present a scintilla of verifiable evidence to support his contention that Detective Augustine coerced or engaged in any misconduct whatsoever in the taking of appellant's statement in the case **sub judice**.  Additionally,

even if appellant's claim met the underlying requirements of Section 9545(b)(1), he still would not be entitled to any relief. Appellant has failed to demonstrate that he brought this exception to the PCRA time-bar within 60 days of the date it could have been presented, as required by Section 9545(b)(2). **_Hill_** was decided on November 10, 2016; the **Philadelphia Daily News** article in question was published on November 17, 2016; and appellant did not file the instant **_pro se_** PCRA petition until January 24, 2017.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's third PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/18